**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **ADAM BESSO**, *on behalf of himself and all others similarly situated*,<br><br>          *Plaintiff*,<br>    v.<br><br>**GREAT LAKES HOME REMODELING, LLC,**<br><br>          *Defendant*. | Civil Case No.: __3:24-cv-688__<br><br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1.      This action arises out of the offensive marketing practices of Defendant, Great Lakes Home Remodeling, LLC ("Defendant" or "GLHR") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      GLHR makes, or has made on its behalf, telemarketing calls soliciting its roofing products and services.

3.      GLHR makes these calls to individuals on the National Do-Not-Call Registry.

4.      GLHR makes these calls to individual who have previously requested not to be called and to be added to GLHR's internal do-not-call list.

5.      Accordingly, Plaintiff Adam Besso ("Plaintiff" or "Mr. Besso") brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.      This Court has jurisdiction over Defendant because Defendant is headquartered in

1

this District, conducts business transactions in this District and has committed tortious acts in/from this District.

8.     Venue is proper in this District because Defendant resides within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

9.     Plaintiff Adam Besso ("Mr. Besso" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Pontiac, Michigan.

10.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.     Defendant is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of Michigan with headquarters located at 1602 West Bancroft Street, Toledo, Ohio 43606.

12.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *National Do-Not-Call Registry and Internal Do-Not-Call List*

14.     The TCPA establishes a national "do not call" database of numbers not to be

called.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

15.     These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

16.     Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

17.     A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

18.     The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

19.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

20.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

21.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

22.     However, recognizing that an honor system would probably be insufficient, the

3

FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

23.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

24.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

25.     These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

26.     Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

27.     There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

---

[1]  The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages
> and injunctive relief for do-not-call violations 'by or on behalf of' a
> company. In accordance with this statutory provision, the
> Commission's company-specific do-not-call rules provide that '[n]o
> person or entity shall initiate any call for telemarketing purposes to
> a residential telephone subscriber unless such person or entity has
> instituted procedures for maintaining a list of persons who request
> not to receive telemarketing calls made by or on behalf of that
> person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

28.    These requirements are separate but cumulative.  In other words, a company must

comply with both the procedures for the company specific do-not-call list *and* the procedures for

complying with the national "do not call" database regulations. A failure to comply with either is

distinct a violation of 47 U.S.C. § 227(c).

29.    Though some of these requirements mention "residential" telephones, they were

all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R.

§ 64.1200(e).

### *Vicarious Liability*

30.    Further, a person or entity can be liable for calls made on its behalf in violation of

the TCPA, even if that person or entity did not directly dial such calls.  *See, e.g., In re Rules &*

*Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the

FCC's "rules generally establish that the party on whose behalf a solicitation is made bears

ultimate responsibility for any [TCPA] violations").  In fact, in May 2013, the FCC issued a

binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal

common law principles of agency for TCPA violations committed by third-party telemarketers . .

. under a broad range of agency principles, including not only formal agency, but also principles

of apparent authority and ratification."  *In re Joint Petition Filed by DISH Netowrk, LLC et al.*

*for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

31.     Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

32.     Mr. Besso is the user of a cellular telephone number ending in 5311.

33.     Mr. Besso's cellular telephone number ending in 5311 is used for residential purposes.

34.     Mr. Besso's telephone number ending in 5311 has been on the National Do-Not-Call Registry since April 5, 2017.

35.     On or about December 18, 2023, Mr. Besso began receiving marketing calls made by or on behalf of GLHR soliciting him with roofing products and services.

36.     During these calls, Mr. Besso would inform GLHR that he was not interested and did not need roofing products or services.

37.     These calls all came from changing ten-digit numbers, that all included the same first eight digits, i.e., (313) 659-33XX.

38.     For example, Mr. Besso received at least the following calls from GLHR soliciting him with roofing products and services:

- December 18, 2023 from telephone number (313) 659-3394;

- December 22, 2023 from telephone number (313) 659-3385;

- January 26, 2024 from telephone number (313) 659-3391;

- February 6, 2024 from telephone number (313) 659-3395;

- February 12, 2024 from telephone number (313) 659-3379;

- March 7, 2024 from telephone number (313) 659-3379;

- March 8, 2024 from telephone number (313) 659-3388;

- March 14, 2024 from telephone number (313) 659-3377; and

- March 21, 2024 from telephone number (313) 659-3395.

39.     Following the March 21, 2024 call, Mr. Besso called telephone number (313) 659-3395 and demanded that GLHR stop calling him.

40.     GLHR failed to honor Mr. Besso's do not call request.

41.     GLHR called Mr. Besso back that same day multiple times from telephone number (313) 659-3388 and (313) 659-3390.

42.     On March 25, 2024, Mr. Besso received another call from GLHR from telephone number (313) 659-3383.

43.     Mr. Besso again called the number back and demanded that GLHR stop calling him.

44.     GLHR failed to honor Mr. Besso's do not call request.

45.     On March 26, 2024, GLHR called Mr. Besso again from telephone number (313) 659-3382.

46.     Mr. Besso again called the number back and demaned that GLHR stop calling him.

47.     GLHR failed to honor Mr. Besso's do not call request.

48.     For example, GLHR continued to call Mr. Besso on at least the following dates and times soliciting him with roofing products and services:

- March 27, 2024 from telephone number (313) 659-3377;

- March 28, 2024 from telephone number (313) 659-3392;

- March 28, 2024 from telephone number (313) 659-3396;

- April 1, 2024 from telephone number (313) 659-3384;

- April 2, 2024 from telephone number (313) 659-3379;

- April 5, 2024 from telephone number (313) 659-3383 (twice);

- April 9, 2024 from telephone number (313) 659-3379 (twice);

- April 11, 2024 from telephone number (313) 659-3379 (twice);

- April 13, 2024 from telephone number (313) 659-3397 (twice);

- April 16, 2024 from telephone number (313) 659-3398 (twice); and

- April 17, 2024 from telephone number (313) 659-3392 (twice).

49.    Mr. Besso did not provide his consent to receive these calls from GLHR.

50.    Mr. Besso repeatedly requested that GLHR cease calling him.

51.    GLHR's records or the records of third parties will reveal all of the calls GLHR made, or had made, to Mr. Besso.

52.    GLHR or those otherwise calling on GLHR's behalf, did not have written do-not-call policies or procedures at the time of the calls to Mr. Besso and the classes defined below. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued calls to Mr. Besso after he directly asked not to be contacted.

53.    Defendant's violations were negligent.

54.    Alternatively, Defendant's violations were willful and knowing.

55.    Mr. Besso and the classes were damaged by the violations alleged herein.  Their

8

privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Mr. Besso and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## **DEFENDANT'S LIABILITY**

56. Defendant uses automated systems to make telephone calls, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

57. GLHR, made two or more telephone solicitations to Mr. Besso, whose number was on the National Do-Not-Call Registry at the time of the calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

58. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Besso is entitled to $500 per call through 47 U.S.C. § 227(c).

59. Mr. Besso is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

60. GLHR made two or more telemarketing calls to Mr. Besso despite not having in place the required policies and procedures prior to making such calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

61. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Besso is entitled to an additional $500 per call through 47 U.S.C. § 227(c).

62. Mr. Besso is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

63.     Mr. Besso brings this action under Fed. R. Civ. P. 23 on behalf of two "Classes,"

defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States to whose telephone number
Defendant placed (or had placed on its behalf) two or more telemarketing calls
and/or text messages in a 12-month period when the telephone number to which
the telephone calls or texts were made was on the National Do-Not-Call Registry
for more than 30 days at the time of the calls/texts, from four years prior to the
filing of the Complaint through class certification.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number
Defendant placed (or had placed on its behalf) two or more telemarketing calls
and/or text messages in a 12-month period.

("Policy Class")

(The Registry Class and the Policy Class, are collectively referred to herein as the "Classes.")

64.     Excluded from the Classes are Defendant and any entities in which Defendant has

a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to

whom this action is assigned and any member of their staffs and immediate families, and any

claims for personal injury, wrongful death, and/or emotional distress.

65.     The Members of the Classes for whose benefit this action is brought are so

numerous that joinder of all members is impracticable.

66.     The exact number and identities of the persons who fit within the Classes are

ascertainable in that Defendant and/or third parties maintain written and electronically stored

data showing:

a.      The time period(s) during which Defendant made its calls;

b.      The telephone numbers to which Defendant called;

c.     The telephone numbers for which Defendant had prior express written consent;

d.     The purposes of such calls; and

e.     The names and addresses of Class members.

67.    The Classes are comprised of hundreds, if not thousands, of individuals.

68.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a.     Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

b.     Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

c.     Whether Defendant or the entity with which it contracts makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

d.     Whether Defendant had the required policies and procedures prior to making telemarketing calls;

e.     Whether Defendant's statutory violations were willful and knowing; and

f.     Whether Defendant should be enjoined from engaging in such conduct in the future.

69.    Plaintiff is a member of the Classes in that Defendant made two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Defendant to stop, and while his telephone number was on the National Do-Not-Call Registry.

70.     Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

71.     Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

72.     Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

73.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

74.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

75.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

77.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

78.     Mr. Besso and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

79.     Defendant made, or had made on its behalf, calls constituting telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

80.     Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

81.     Plaintiff and putative Registry Class Members each received two or more such calls in a 12-month period.

82.     Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

83.     Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Policy Class)**

84.     Mr. Besso and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

85.     Defendant made numerous calls for telemarketing purposes to Plaintiff's and putative Policy Class Members' telephone numbers.

86.     Defendant did so despite not having a written policy pertaining to "do not call" requests.

87.     Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

88.     Defendant did so despite not recording or honoring "do not call" requests.

89.     Defendant made two or more telemarketing calls to Plaintiff and putative Policy Class Members' telephone numbers in a 12-month period.

90.     Plaintiff and putative Policy Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

91.     Plaintiff and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

E.     An award of treble damages;

F.     An award of reasonable attorneys' fees and costs;

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

14

Respectfully submitted,

By: _____/s/ Max S. Morgan_____

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

**Attorneys for Plaintiff**

15